

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**August 31, 2020 12:04**

By: BRADLEY LEVINE 0090286

Confirmation Nbr. 2061964

BRIAN MCHUGH                                  CV 20 936630

   vs.
                                              **Judge:** KATHLEEN ANN SUTULA
COMPASS GROUP USA, INC.

**Pages Filed:** 10

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| BRIAN MCHUGH<br>5802 Theota Avenue<br>Parma, OH 44129<br><br>      Plaintiff,<br><br>v.<br><br>COMPASS GROUP USA, INC.<br>in care of its registered agent<br>Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT FOR AGE DISCRIMINATION, DISABILITY DISCRIMINATION, FMLA RETALIATION, FMLA INTERFERENCE, AND NEGLIGENT TRAINING, RETENTION & SUPERVISION**<br><br>**<u>JURY DEMAND ENDORSED HEREON</u>** |

Plaintiff Brian McHugh ("Plaintiff") alleges as follows for his Complaint against Defendant Compass Group USA, Inc. ("Defendant"):

1. Plaintiff worked for Defendant in Cuyahoga County, Ohio.

2. Defendant is an Ohio limited liability company, doing business in Cuyahoga County, Ohio.

3. Defendant was an employer of Plaintiff.

4. Defendant employed Plaintiff as an Assistant Manager in various dining halls on the campus of Oberlin College from November 5, 2001 until July 2011.

5. Defendant employed Plaintiff as an Assistant Manager at a restaurant called The Den on the campus of Case Western Reserve University from July 2011 until Defendant promoted Plaintiff to Assistant General Manager I in 2016.

6. Defendant employed Plaintiff as Assistant General Manager I at The Den from 2016 until Defendant transferred Plaintiff to Dunkin' Donuts in or about August 2017.

7. Defendant employed Plaintiff as Assistant General Manager I at Dunkin' Donuts on the campus of Case Western Reserve University from in or about August 2017 until April 16, 2020.

8. In or about September 2017, Plaintiff injured himself on the job when he suffered a stroke at Dunkin' Donuts.

9. Keisha Taylor ("Taylor") and Diana Bass ("Bass"), both Cashiers, witnessed Plaintiff suffer the stroke.

10. Phil Williams ("Williams"), an hourly supervisor, also witnessed Plaintiff suffer the stroke along with Taylor and Bass.

11. Williams drove Plaintiff to the emergency room at the Cleveland campus of University Hospitals.

12. Plaintiff's stroke caused him to become disabled.

13. Plaintiff's impairments substantially limited one or more of his major life activities.

14. Defendant was aware of Plaintiff's disabilities.

15. Plaintiff has a record of impairments.

16. Defendant regarded Plaintiff as having impairments.

17. Plaintiff was qualified for his job.

18. Plaintiff could perform the essential functions of his job with or without a reasonable accommodation for his disabilities.

19. Plaintiff called Charese Reid ("Reid"), a Human Resources Manager, from the hospital approximately three days after he was admitted. During this call, Plaintiff informed Reid that Plaintiff had become disabled by a stroke.

20. Reid assisted Plaintiff by phone to apply for FMLA leave and short term disability benefits.

21. James O'Brien ("O'Brien"), the Resident District Manager and Plaintiff's supervisor, called Plaintiff on the phone while he was in the hospital. During this call, Plaintiff informed O'Brien that Plaintiff had become disabled by a stroke.

22. Plaintiff spent approximately three weeks on FMLA leave to recover in the hospital and then three more weeks in physical therapy.

23. Plaintiff returned to work at Dunkin' Donuts near Christmas of 2017. Plaintiff walked with a cane and had a pronounced limp for approximately three weeks due to numbness on the left side of Plaintiff's body caused by the stroke.

24. In or about September 2018, Plaintiff suffered numerous hernias that damaged his abdomen.

25. Plaintiff notified O'Brien and James Boland ("Boland"), the Director of Operations, that Plaintiff had become disabled in his abdomen and would be hospitalized for at least three days.

26. Plaintiff spent at least three days in the hospital to have his abdomen evaluated for surgery.

27. In or about October 2018, Plaintiff contacted the Leave of Absence department to take FMLA leave for surgery on his abdomen.

28. Plaintiff met with O'Brien and Boland in person to notify them that Plaintiff required surgery and would take time off work under the FMLA for at least six weeks. O'Brien remarked, "Right now you're working with a weakness."

29. On November 28, 2018, Plaintiff received surgery on his abdomen at the Cleveland campus of University Hospitals.

30. Plaintiff returned to work at Dunkin' Donuts on January 14, 2019.

31. Plaintiff submitted a doctor's note to O'Brien with a ten pound lifting restriction. From that point forward, O'Brien and Boland increasingly monitored Plaintiff's activities at Dunkin' Donuts and criticized every facet of Plaintiff's performance no matter how trivial, including but not limited to, purported issues with Plaintiff that O'Brien and Boland had never previously expressed as being problems. For example, O'Brien observed a Cashier named Jasmine Woodland ("Woodland") with her cell phone at the end of her shift. Even though Woodland had complied with the cell phone policy until she was ready to leave, O'Brien yelled at the top of his lungs at Plaintiff for purportedly failing to enforce the cell phone policy. O'Brien then threatened Plaintiff by yelling, "You should be worrying about what I'm going to do with you!"

32. In or about February 2019, O'Brien wrote up Plaintiff for purportedly missing days in the "redbook," which is a document used to notate temperatures and calibrations in the kitchen.

33. In or about July 2019, O'Brien wrote up Plaintiff for purportedly failing to notice that a soap dispenser was broken in the restroom.

34. Boland placed Plaintiff on a thirty-day performance improvement plan.

35. On February 4, 2020, Plaintiff had a second stroke at work.

36. Lashon Irving, a Shift Lead, witnessed Plaintiff's stroke and exclaimed, "You need to get to the emergency room now!"

37. Plaintiff was hospitalized at the Parma campus of University Hospitals for approximately two weeks after the second stroke.

38. Plaintiff contacted Joanna Habat ("Habat"), a Human Resources Manager, to take FMLA leave to recover from the second stroke and to apply for short term disability benefits.

39. Plaintiff returned to work at Dunkin' Donuts on April 13, 2020. Once again, Plaintiff required a cane to walk when he was at work.

40. Plaintiff observed that Defendant had placed a significantly younger, non-disabled employee named Vince Lubowicki ("Lubowicki") into the position of Assistant General Manager I at Dunkin' Donuts.

41. Defendant interfered with Plaintiff's rights under the FMLA by failing to place Plaintiff in the same or equivalent position, because Defendant had given Plaintiff's job to Lubowicki.

42. Defendant failed to reasonably accommodate Plaintiff's disabilities so that he could perform the essential functions of Assistant General Manager I when Plaintiff returned from FMLA leave, because Defendant had given Plaintiff's job to Lubowicki.

43. Defendant failed to engage Plaintiff in the interactive process to identify a suitable reasonable accommodation for his disabilities.

44. Plaintiff met in person with O'Brien, Boland, and Kim Taylor, a Human Resources Manager, on April 13, 2020. O'Brien asked how Plaintiff felt. Plaintiff explained that he had again become disabled by a stroke and stated, "I need to use this cane for a while." In response, O'Brien said, "You're going to be furloughed."

45. Later that day on April 13, 2020, Plaintiff met with O'Brien a second time. During this meeting, Plaintiff asked why he was furloughed despite his years of service. O'Brien then admitted that while Plaintiff was on FMLA leave, O'Brien decided to give Plaintiff's job at Dunkin' Donuts to Lubowicki. O'Brien also stated, "Besides, you're not 100%."

46. Plaintiff was sixty years old and a member of a protected class.

47. Lubowicki is significantly younger than Plaintiff.

48. Lubowicki was not disabled when O'Brien decided to give him Plaintiff's job.

49. Lubowicki was substantially less qualified than Plaintiff for the position of Assistant General Manager I at Dunkin' Donuts.

50. Plaintiff's last day of work at Defendant was April 16, 2020.

51. On July 14, 2020, Defendant terminated Plaintiff's employment.

52. Defendant's purported reason for terminating Plaintiff was a mere pretext.

53. Defendant terminated Plaintiff's employment because of his age and disabilities, and in retaliation for Plaintiff exercising his rights under the FMLA.

54. This Court has subject matter and personal jurisdiction over the claims raised in this Complaint.

55. Venue is proper in Cuyahoga County, Ohio.

56. Plaintiff has suffered damages in excess of $25,000.

57. Plaintiff has hired the undersigned counsel and has agreed to pay them reasonable attorney's fees and costs if they are successful on the claim set forth herein.

## COUNT I
## AGE DISCRIMINATION

58. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 57 above.

59. Plaintiff brings this action under Ohio Revised Code Sections 4112.02(L) and 4112.99.

60. Defendant terminated Plaintiff because of his age.

61. Plaintiff was qualified for his job.

62. Plaintiff suffered an adverse employment action by being terminated by Defendant.

63. The person who replaced Plaintiff is significantly younger than Plaintiff.

64. Plaintiff has been damaged by Defendant's age discrimination.

65. Defendant's conduct is the cause of Plaintiff's damages.

66. Defendant acted with actual malice, entitling Plaintiff to punitive damages and his attorney's fees and costs.

## COUNT II
## DISABILITY DISCRIMINATION

67. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 66 above.

68. In violation of Ohio Revised Code Sections 4112.02 and 4112.99, Defendant discriminated against Plaintiff because of his disabilities, because of his record of being disabled, or because of a perceived disability.

69. Plaintiff was qualified for his job.

70. Defendant discriminated against Plaintiff because of his disabilities.

71. Plaintiff suffered an adverse employment action when Defendant failed to reasonably accommodate Plaintiff's disabilities, furloughed Plaintiff and replaced him with a substantially less qualified, non-disabled employee, and terminated Plaintiff's employment because of his disabilities, because of her record of being disabled, and because Defendant regarded Plaintiff as disabled.

72. Plaintiff has been damaged by Defendant's disability discrimination.

73. Defendant's conduct is the cause of Plaintiff's damages.

74. Defendant acted with actual malice, entitling Plaintiff to punitive damages and his attorney's fees and costs.

## COUNT III
## FMLA RETALIATION

75. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 74 above.

76. In violation of the Family Medical Leave Act of 1993, 29 U.S.C. Section 2601, *et seq.*, Defendant retaliated against Plaintiff by terminating his employment because he took medical leave.

77. Plaintiff was engaged in FMLA protected activity by taking medical leave.

78. Defendant knew that Plaintiff was exercising FMLA rights by taking medical leave.

79. Plaintiff suffered an adverse employment action by being terminated by Defendant.

80. There is a causal connection between Plaintiff's FMLA protected activity and termination.

81. Plaintiff has been damaged by Defendant's retaliation.

82. Defendant's conduct is the cause of Plaintiff's damages.

83. Defendant acted willfully in violating the FMLA.

84. Plaintiff is entitled to liquidated damages and his attorney's fees and costs pursuant to the FMLA.

## COUNT IV
## FMLA INTERFERENCE

85. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 84 above.

86. In violation of the Family Medical Leave Act of 1993, 29 U.S.C. Section 2614(a)(1), Defendant interfered with Plaintiff's medical leave by not placing him in the same or equivalent position.

87. Plaintiff was entitled to take FMLA leave.

88. Plaintiff told Defendant that he intended to take FMLA leave.

89. Plaintiff was denied the benefits of medical leave under the FMLA when Defendant did not place Plaintiff into the same or equivalent position upon his return.

90. Plaintiff has been damaged by Defendant's interference.

91. Defendant's conduct is the cause of Plaintiff's damages.

92. Defendant acted willfully in violating the FMLA.

93. Plaintiff is entitled to liquidated damages and his attorney's fees and costs.

## COUNT V
## NEGLIGENT TRAINING, RETENTION & SUPERVISION

94. Plaintiff re-alleges each allegation set forth in paragraphs 1 to 93 above.

95. Defendant had a duty to use due care in training, retaining, and supervising O'Brien.

96. Defendant breached its duty to use due care in training, retaining, and supervising O'Brien.

97. Plaintiff has been damaged by Defendant's failure to use due care.

98. Defendant's conduct is the cause of Plaintiff's damages.

WHEREFORE, Plaintiff demands judgment against Defendant for his lost wages, reinstatement or front pay, lost fringe benefits, liquidated damages, non-economic damages such as emotional pain, suffering, inconvenience, physical anguish, and loss of enjoyment of life, any other compensatory damages, punitive damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which he is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

/s/ Brad Levine
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Brad Levine, Esq.
Supreme Court No. 0090286
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
blevine@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*